UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 640 |
| v. | |
| KARL TAYLOR | Hon. Matthew F. Kennelly |

**GOVERNMENT'S UNOPPOSED MOTION TO AMEND THE INDICTMENT
TO CORRECT TYPOGRAPHICAL ERROR**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR.,
United States Attorney for the Northern District of Illinois, moves to amend the
indictment to correct a typographical error regarding the serial number of the firearm
referenced in the text of the indictment, and states as follows:

1.      On October 13, 2021, the grand jury returned an indictment charging
defendant KARL TAYLOR with one count of knowing possession of a firearm by a
felon, in violation of Title 18, United States Code, Section 922(g)(1).  Dkt. 1.  The body
of the indictment mistakenly referred to the serial number associated with the
firearm as "026796R51" in both the charged count and the forfeiture allegation.  *Id.*
In fact, it is "0026796R51."

2.      An indictment may be amended without returning to the grand jury if
the correction is to one of form rather than substance.  *See Russel v. United States*,
369 U.S. 749, 770 (1962); *United States v. Corrigan*, 912 F.3d 422, 428 (7th Cir. 2019);
*United States v. Field*, 875 F.2d 130, 133-34 (7th Cir. 1989).  Permissible amendments
to an indictment include those that correct "obvious clerical or typographical errors
in the indictment."  *Field*, 875 F.2d at 134.

3.    In *Field*, the Seventh Circuit held that the district court did not err in permitting the amendment of the indictment to add a digit to the serial number of money orders specified in the indictment. 875 F.2d at 134. In so doing, the Court cited with approval *United States v. Neff,* which held that the trial court's amendment of the serial number of a weapon alleged in the indictment was permissible because it was a correction of a typographical error going to form, and not to substance. *Id.* (citing *Neff*, 525 F.2d 361, 363 (8th Cir.1975)). Other courts concur. *See, e.g.*, *United States v. Jackson*, 596 F.3d 236 (5th Cir. 2010) (amendment to correct the serial number of the firearm listed in the indictment in a felon in possession case after the close of the government's evidence at trial was permissible because it was a change of form, not substance, and defendant was not prejudiced by it); *United States v. Morrow*, 925 F.2d 779, 781 (4th Cir. 1991) ("The omission of the first digit in a seven digit serial number of a firearm set forth in an indictment does not result in a substantial amendment to the indictment or a prejudicial variance in proof when corrected at trial. Such a variance goes to form and not to substance, and the difference did not reduce the government's burden of proof at trial.")

4.    Here, the government seeks to amend the text of the indictment to add one zero to the beginning of the serial number of the firearm listed in the charged count and the forfeiture allegation. This correction is one of form and does not substantively alter the indictment or the charge pending against the defendant.

5.    Counsel for the defendant has advised the government that he does not oppose the government's request to amend the indictment.

WHEREFORE, for the reasons set forth above, the government respectfully requests that the Court grants its motion and allow the government to amend the indictment to correct the typographical error.

Dated: July 8, 2022

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:  */s/ Misty N. Wright*
MISTY N. WRIGHT
RICHARD ROTHBLATT
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-2061

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the foregoing was served on July 8, 2022 in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as the ECF filers.

/s/ *Misty N. Wright*

4